UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BERTHA MITCHELL | CIVIL ACTION |
| v. | NO. 17-558 |
| ISIDORE NEWMAN SCHOOL | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant's motion to dismiss for failure to prosecute. For the reasons that follow, the motion to dismiss is DENIED without prejudice, but insofar as the motion may be construed as a motion to compel arbitration, the motion is GRANTED and the case is hereby stayed, again, pending arbitration.

**Background**

This Title VII lawsuit arises from allegations by a former bus driver at Isidore Newman School that she was discriminated against and subject to a hostile work environment based on her sex and that she was fired in retaliation for reporting this conduct to the Equal Employment Opportunity Commission.

This factual summary is drawn from the plaintiff's state court petition. In October 2013, Bertha Mitchell worked as the only female bus driver for Newman. Her immediate supervisor was Jeffrey Wilson, and Wilson's immediate supervisor was Fred Hill.

1

During her first week of work, Mr. Wilson "brushed his hand against [Ms. Mitchell's] breasts at least two to three times." By the third time, Ms. Mitchell was upset and uncomfortable and told him "you keep hitting my breasts." He stopped. But, on later occasions, Wilson "would intentionally brush up against [Ms. Mitchell] while reaching for things on a bus instead of asking her to move out of the way."

Mr. Wilson made inappropriate remarks to Ms. Mitchell. Mr. Wilson regularly called Ms. Mitchell pet names like "honey" and "baby," yet he called male employees by their given names. Ms. Mitchell asked Mr. Wilson to keep his interactions with her professional, and asked to be called either Bertha or Ms. Mitchell.

Mr. Wilson regularly asked Ms. Mitchell why she was not married, and told her he was looking for a wife. Mr. Wilson did not ask male employees about their marital status or dating life. When Ms. Mitchell told Mr. Wilson on one occasion that she could not get to work for 5:00 a.m. because the City buses would not be running that early, Mr. Wilson invited her to spend the night at his house. Mr. Wilson followed Ms. Mitchell around Newman campus, and regularly called Ms. Mitchell's cell phone unnecessarily.

Ms. Mitchell met with Mr. Hill on several occasions to discuss Mr. Wilson's inappropriate behavior. On January 9, 2015, Ms. Mitchell complained in writing to Mr. Hill about Mr. Wilson's

sexually harassing behavior and Mr. Hill's tacit approval of it. A meeting was convened among Mr. Hill, Mr. Wilson, and Ms. Mitchell. Mr. Hill told Mr. Wilson to stop calling Ms. Mitchell pet names.

Shortly thereafter, Mr. Wilson placed garbage bags on Ms. Mitchell's bus as a means of retaliation against her for complaining. Ms. Mitchell sent Jeff Mallon (of Newman Human Resources) a letter on January 12, 2015, informing him that Ms. Mitchell had reported Mr. Wilson's behavior to Mr. Hill on multiple occasions, but that Mr. Hill did not fix the situation. This made Mr. Hill angry, and Mr. Hill began setting up Ms. Mitchell for failure, such as reprimanding her for parking a bus in an unauthorized area without having given her prior instruction not to park there.

One time when she was off work, Mr. Hill contacted Ms. Mitchell at home and informed her that she must move her bus on Newman's premises before he got to work the next day (despite the fact that another driver on duty that day could have moved the bus). Ms. Mitchell had to ride public transportation three hours round trip to move a bus that she had not been instructed to move before. Despite complying with Mr. Hill's request, Ms. Mitchell was disciplined; she was suspended without pay for three weeks.

Ms. Mitchell was regularly required to drive dirty, defective, or non-air-conditioned buses, while male bus drivers got to drive clean, air-conditioned buses. On one occasion, the bus she was assigned to drive was releasing smoke, a condition which she reported to Mr. Hill. Mr. Hill forced her to continue driving the bus even though he knew it had been filled with the wrong gas twice while on the road. As a result, Ms. Mitchell, faculty, and students inhaled smoke. When a teacher on the bus called Mr. Hill, he relented and allowed Ms. Mitchell to switch buses.

Mr. Hill reduced Ms. Mitchell's hours, typically within one week of Ms. Mitchell complaining to him about Mr. Wilson's behavior. It was Mr. Wilson who picked up the extra work that Ms. Mitchell lost.

During the last week of the school semester in 2015, Ms. Mitchell noticed that Mr. Wilson was following her again when she was leaving school. Ms. Mitchell talked to a neighborhood security guard, who instructed her to call the police, which she did on the last day of school. In June 2015, Mr. Wilson called Ms. Mitchell "honey" again. Ms. Mitchell complained to Mr. Hill to no avail.

In July 2015, Ms. Mitchell was summoned to Mr. Mallon's office because she was talking about the sexual harassment situation to other employees. On September 9, 2015, Ms. Mitchell gave Newman's

Headmaster, Dale Smith, a written report detailing Mr. Wilson's harassing behavior, and Mr. Hill's and Mr. Mallon's complacency regarding the harassment, as well as Mr. Wilson's and Mr. Hill's retaliatory behavior toward her and the sanitation and mechanical issues with buses. At a meeting that day with Mr. Smith, Mr. Smith said that he was not aware of Ms. Mitchell's previous complaints, and that he would talk to Mr. Mallon.

On October 17, 2015, Mr. Wilson again followed Ms. Mitchell as she walked to the bus stop to go home after work. Two days later, Ms. Mitchell texted Mr. Hill about Mr. Wilson following her; Mr. Hill responded to stop sending "this type of correspondence" to him by text message. Later that same day, Ms. Mitchell emailed Mr. Hill about Mr. Wilson's harassing behavior. Mr. Hill responded the next day: "If you feel threatened or in danger in any way, that should be followed up with the proper authorities." He reiterated that Ms. Mitchell should not text him about Mr. Wilson following her. Ms. Mitchell emailed Mr. Hill again on October 26, 2015 explaining that she had been in touch with the police, who notified her to notify her employer.

On November 1, 2015, Ms. Mitchell sent Mr. Mallon a letter with copies of her text correspondence with Mr. Hill. Two days later, Ms. Mitchell sent Mr. Mallon a letter detailing Hill's failure to prevent Wilson from harassing her, Hill's retaliatory

5

conduct toward her, and other harassing conduct by Wilson. That same day, Ms. Mitchell filed with the EEOC a charge of discrimination, alleging discrimination and retaliation based on sex.

A few days later, Ms. Mitchell was on her bus in the afternoon completing a pre-trip (checking that the bus is functioning properly before the children board). Mr. Hill told her to move her bus, but Ms. Mitchell could not do so because a truck was blocking the road. Mr. Hill banged on her bus door and yelled at her.

On November 17, 2015, Newman fired Ms. Mitchell, citing as cause that she "could not get along with her coworkers." As a result, on December 1, 2015, Ms. Mitchell filed a second EEOC charge, alleging retaliatory termination. On February 17, 2016, the EEOC conducted a mediation between Ms. Mitchell and Newman, to no avail. On September 8, 2016, Ms. Mitchell received from the EEOC a right to sue letter. On November 16, 2016, Ms. Mitchell (then represented by counsel) sued Newman in state court, alleging claims for sex discrimination and hostile work environment, and retaliation under Title VII of the Civil Rights Act and state law, as well as negligent hiring, retention, or supervision under state law. Newman removed the case to this Court, invoking this Court's federal question jurisdiction. Ms. Mitchell requested that the

Court stay her case so that the parties could proceed to arbitration;[1] the Court granted the motion on February 15, 2017. Counsel for Ms. Mitchell advised the Court that she had been notified of all deadlines, and moved to withdraw as her counsel; the Court granted the motion on February 17, 2017.[2] On August 7, 2017, the Court granted Newman's motion to reopen the case. Newman now moves to dismiss Ms. Mitchell's case for lack of prosecution.

I.

Rule 41(b) of the Federal Rules of Civil Procedure allows a defendant to move for an involuntary dismissal of a lawsuit or claim "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Dismissal of an action with prejudice "is an extreme sanction that deprives the petitioner of the opportunity to pursue his claim." Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 326 (5th Cir. 2008)(quotation omitted). The Court's discretion to dismiss claims with prejudice is accordingly

---

[1] Newman and Ms. Mitchell entered into a mutual arbitration agreement at the outset of Mitchell's employment in which the parties agreed to bring any claims against the other in arbitration. The Agreement requires that the claimant seeking arbitration "must submit a written 'Request for Arbitration'" to the Head of School, and that the initiating party must then "serve a copy of the RFA on the party or parties against whom the claim is brought through hand delivery or certified mail, and must pay a $300 filing fee.
[2] As grounds for the motion to withdraw as counsel, plaintiff's former counsel stated that Ms. Mitchell had refused to provide an address where she lives "or respond to the request in any way."

limited in that it is "warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." Id. (citations and quotation omitted).³ In cabining the Court's discretion to dismiss an action with prejudice, the Fifth Circuit mandates the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Millan, 546 F.3d at 326; Renobato v. Compass Bank Corp., 480 Fed.Appx. 764, 766 (5th Cir. 2012)(stated differently, "[i]n general, 'a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present...'").

II.

Newman submits that Ms. Mitchell's four month disappearance and failure to initiate arbitration proceedings constitutes a clear record of delay, and that at least one aggravating factor is present: the plaintiff's lack of interest in her case and failure

---

³ The Fifth Circuit has also instructed that dismissal with prejudice is appropriate only where, in addition to a clear record of delay or contumacious conduct by the plaintiff, the record shows that the district court employed lesser sanctions that proved to be futile. Dominguez v. Crosby Tugs, L.L.C., --- Fed.Appx. ---, 2017 WL 3271117, at *3 (5th Cir. Aug. 1, 2017)(quoting Mastronardi v. Wells Fargo Bank, 653 Fed.Appx. 356, 358 (5th Cir. 2016)(per curiam).

8

to prosecute it is attributable to her, not her former attorney. Newman contends that alternative sanctions are unlikely to prompt diligent prosecution, given that Ms. Mitchell moved to stay her case to pursue arbitration, but then she simply did not initiate arbitration proceedings. Finally, Newman submits that alternative sanctions would be futile because the deadlines to pursue her claims under Title VII and state law have lapsed pursuant to the parties' arbitration agreement. In response to Newman's motion, Ms. Mitchell submits that she continues to try, without success, to hire an attorney to represent her in this matter and that she recently started a new job in Atlanta. Newman replies that Ms. Mitchell has failed to adhere to the parties' arbitration agreement, and that the deadlines to pursue her claims in arbitration have lapsed rendering futile anything less than a dismissal with prejudice.

Newman must persuade the Court that it "may...bring out the heavy artillery of dismissal with prejudice" because "lesser weapons at its disposal have failed to achieve the desired end." Dominguez, 2017 WL 3271117, at *3. Newman fails to make this showing.[4] It has been six months since the Court stayed this case

---

[4] Insofar as Newman appears to seek a ruling from this Court on the merits of any prescription or statute of limitations defenses it may advance, the Court declines to resolve disputes that the parties have agreed to submit to binding arbitration.

pending arbitration, and the plaintiff has not violated any Court orders. As Newman concedes, if it had moved to compel arbitration, then Ms. Mitchell would be in violation of a Court order and Ms. Mitchell's inaction would be sanctionable or contemptible conduct. But Ms. Mitchell voluntarily moved to stay her case pending arbitration and then simply failed to initiate proceedings. Although the Court agrees that this dilatory conduct is wasteful, frustrating, and attributable alone to the *pro se* plaintiff, on this record, dismissal with prejudice is premature. See <u>Renobato v. Compass Bank Corp.</u>, 480 Fed.Appx. 764, 766 (5th Cir. 2012)(affirming dismissal with prejudice for failure to prosecute when the plaintiff did not initiate arbitration, despite being given three years to comply with its order compelling it to do so, and where the district court employed lesser sanctions that proved to be futile); <u>see also</u> <u>Salt Lick Bancorp. V. F.D.I.C.</u>, 187 Fed.Appx. 428, 447 (6th Cir. 2006)(affirming dismissal when plaintiff did not initiate arbitration for over two years even though the plaintiff had difficulty retaining counsel and obtaining documents from a third party); <u>Rogers v. Kroger Co.</u>, 669 F.2d 317, 321-22 (5th Cir. 1982)(reversing district court's dismissal of plaintiff's claim where there was "nothing in the district court's order and opinions or the record indicating that

less severe sanctions were considered and found to be futile or contrary to the interests of justice").

Accordingly, IT IS ORDERED: that Newman's motion to dismiss for failure to prosecute is hereby DENIED without prejudice. Insofar as Newman's motion may be construed as a motion to compel arbitration, IT IS ORDERED: that the motion to compel is GRANTED, and Ms. Mitchell is hereby ordered to comply with the terms of the parties' arbitration agreement; whether or not she has an attorney to represent her, Ms. Mitchell must initiate arbitration proceedings within 21 days of this Order and Reasons. Failure to do so will be punishable by sanctions, including dismissal of her claims with prejudice for failure to prosecute. Finally, IT IS FURTHER ORDERED: that the case is hereby stayed (and administratively closed, for statistical purposes) pending arbitration, to be reopened, if necessary, upon proper motion.

New Orleans, Louisiana, August 23, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE